UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW E. ORSO IN HIS CAPACITY AS COURT-APPOINTED SUCCESSOR RECEIVER FOR REX VENTURE GROUP, LLC d/b/a ZEEKREWARDS.COM,

    Plaintiff,

v.

    Case No. 8:21-mc-0046-JSM-AEP

RYSZARD DUNKOWSKI,

    Defendant.
_____/

## ORDER

    This cause comes before the Court on the Motion for Substitution of Plaintiff (the "Motion") filed by Plaintiff, Nationwide Judgment Recovery, Inc., as Assignee of Matthew Orso, as Successor Trustee to Kenneth D. Bell, in his Capacity as Court-Appointed Receiver for Rex Venture Group, LLC ("NJR") (Doc. 24). Therein, NJR seeks to substitute in for "Matthew Orso, as Successor Trustee to Kenneth D. Bell, in his capacity as Court-Appointed Receiver for Rex Venture Group, LLC ("Orso") as the party Plaintiff in this matter" (Doc. 24, at 1). Upon consideration, the Motion is due to be granted.

    Federal Rule of Civil Procedure 25 states that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on

motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). It is well-settled that substitution is committed to the discretion of the court. "Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected." *Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995). Under Rule 25(c), substitution is only procedural and does not impact the parties' substantive rights. *See id.*

In a similar case in this District, the court agreed that "this miscellaneous matter and the issuance of the writs of garnishment are a continuation of the original litigation that produced the judgment. Thus, under Rule 25(c), the litigation may be continued by NJR (the party in interest) and against [Defendant] (the original party)." *Bell v. Woods*, No. 5:20-mc-10-JSM-PRL, 2022 WL 428440, at *3 (M.D. Fla. Jan. 7, 2022), *report and recommendation adopted*, 5:20-mc-10-JSM-PRL, 2022 WL 425719 (M.D. Fla. Feb. 11, 2022). A review of the evidence NJR has submitted (Doc. 24-1) also supports the conclusion that NJR is the party in interest as the assignee of the subject judgment.

Accordingly, it is hereby

ORDERED:

1. NJR's Motion for Substitution of Plaintiff (Doc. 24) is GRANTED.

2. The Clerk of Court is DIRECTED to amend the case caption to substitute Nationwide Judgment Recovery, Inc., as the named Plaintiff in this matter.

DONE AND ORDERED in Tampa, Florida, on this 7th day of November, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record