UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

    Plaintiff,

v.                                                Case No. 8:21-mc-46-JSM-AEP

RYSZARD DUNKOWSKI,

    Defendant.
_____

**<u>ORDER</u>**

    This matter comes before the Court on Plaintiff's Motion for Writ of Garnishment (Doc. 27). A judgment in the amount of $31,491.54 was entered in the action between the parties on August 14, 2017 in the District Court for the Western District of North Carolina, Charlotte Division, which was subsequently registered in the District Court for the Middle District of Florida on April 19, 2021 (Doc. 1). *See* 28 U.S.C. § 1963. According to Plaintiff, the judgment, plus post-judgment interest, remains unsatisfied. Plaintiff believes that Defendant may have tangible assets in the possession or control of the Garnishee Regions Bank, and, by the instant motion, now requests that the Court issue a writ of garnishment directed to Garnishee Regions Bank, to recover on the outstanding judgment.

    Pursuant to Rule 69, Federal Rules of Civil Procedure, the Court must follow state law regarding execution of a judgment. Florida Statutes § 77.01 allows recovery of a money judgment via a writ of garnishment. Thus, the Court may

enforce the judgment through a writ of garnishment pursuant to Florida law. Upon consideration, the Court finds good cause to grant the motion. Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for Writ of Garnishment after Judgment (Doc. 27) is GRANTED.

2. The Clerk is hereby directed to issue a Writ of Garnishment upon Garnishee Regions Bank.

3. As Defendant Ryszard Dunkowski is an individual, the Clerk is hereby directed to attach the required notice to Defendant Ryszard Dunkowski pursuant to Florida Statutes § 77.041(1) to the writ of garnishment.

DONE AND ORDERED in Tampa, Florida, on this 15th day of February, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record